# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LOWMORREO A. HARRIS, SR.,

        Petitioner,

v.

WARDEN MICHAEL MEISNER,

        Respondent.

Case No. 20-CV-693-JPS

**ORDER**

Petitioner Lowmorreo A. Harris, Sr. ("Harris") filed his petition for writ of habeas corpus on May 5, 2020. (Docket #1). On June 10, 2020, Magistrate Judge William E. Duffin ordered Harris to either show cause as to why his petition should not be dismissed or file an amended petition with only his exhausted claims by July 10, 2020. (Docket #6). The case was reassigned to this branch of the Court on July 6, 2020. On July 8, 2020, Harris filed a motion for an extension of time to comply with the June 10, 2020 order. (Docket #9). On July 16, 2020, the Court granted his motion and ordered that Harris file, on or before August 6, 2020, either a document showing cause as to why his petition should not be dismissed or an amended petition with only his exhausted claims. (Docket #11). On August 5, 2020, Harris filed another motion for an extension of time. (Docket #12). On January 22, 2021, Harris filed a proposed order to show cause for a preliminary injunction and a temporary restraining order. (Docket #13). Harris' proposed order did not include any information regarding why his petition should not be dismissed, nor did it contain an amended petition with only his exhausted claims. (*Id.*)

On March 12, 2021, the Court denied Harris' motion for an extension of time and dismissed the case without prejudice for failure to exhaust because he failed to comply with the Court's July 16, 2020 Order. (Docket #14). On March 31, 2021, Harris filed a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") regarding the dismissal of his case without prejudice. (Docket #16).

Rule 60(b) offers relief from a court's orders or from final judgments if a party can show "grounds such as fraud or misconduct by the opposing party, newly discovered evidence, mistake or neglect, or another exceptional circumstance that justifies this extraordinary remedy." *Van Dyke v. Fultz*, 788 F. App'x 1035, 1036 (7th Cir. 2020). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

Harris seeks relief under Rule 60(b)(1), (3), and (6). (Docket #16 at 1–2). Harris states that he was working on providing the "cause" on his unexhausted claims but needed more time, which is why he filed the motion for an extension of time. (*Id.* at 2–3). He also states that some of his family members called the Court to inquire on the status of his case. (*Id.* at 3–4). Lastly, Harris reiterates the same facts regarding issues with his mail that he provided in this motion for an injunction. (*Id.* at 4–6; Docket #13).

Harris' requests for relief under Rule 60(b)(1) and (3) can be summarily denied. Harris provides no reason why Rule 60(b)(1), under which "mistake, inadvertence, surprise, or excusable neglect" may be a ground for relief, would apply to his situation. Fed. R. Civ. P. 60(b)(1). Similarly, Harris offers no rationale as to why Rule 60(b)(3) would apply, which is unsurprising as it clearly does not. Rule 60(b)(3) allows for relief when "fraud . . . , misrepresentation, or misconduct by an opposing party"

occurs. Fed. R. Civ. P. 60(b)(3). This case did not proceed past the screening stage. Therefore, the opposing party had nothing to do with Harris' inability to comply with the Court's Order. The Court finds that none of the specific Rule 60(b)(1)–(5) grounds apply to Harris' motion. *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) ("The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief."); *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 353 (7th Cir. 2004) (Rule 60(b) motion denied because movant "failed to even argue" the grounds for relief). This alone is sufficient grounds to deny the motion. *Nelson v. Napolitano*, 657 F.3d 586, 589–90 (7th Cir. 2011).

The Court generously construes Harris' statements as arguments in support of Rule 60(b)(6), which permits reconsideration on "any other reason that justifies relief." Harris provides a few different reasons as to why he should be granted relief, but none are persuasive. Of note, despite what Harris may believe, the Court was not required to grant his second motion for an extension of time. *See* Fed. R. Civ. P. Rule 6(b) ("the court *may*, for good cause, extend the time") (emphasis added).

The truth of the matter is that Harris failed to comply with the Magistrate Judge's Order and this Court's Order, both of which required him to either show cause as to why his petition should not be dismissed or file an amended petition with only his exhausted claims. Both Orders informed Harris that, if he failed to comply, the case would be dismissed without prejudice. The Court's orders say what they mean and mean what they say. In sum, Harris' motion does not merit relief under Rule 60(b) and will, therefore, be denied.

Page 3 of 4
Case 2:20-cv-00693-JPS   Filed 04/07/21   Page 3 of 4   Document 17

Accordingly,

**IT IS ORDERED** that the Petitioner's motion for reconsideration (Docket #16) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 7th day of April, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge